# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| JESSE JAMES ELKINS,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GLENDIVE,<br>DAWSON COUNTY,<br>GLENDIVE JAIL, JOHN<br>HODGES, JERRY D. COOK,<br><br>Defendants. | Cause No. CV 11-00100-BLG-RFC-CSO<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Jesse Elkins

Motion to Proceed in Forma Pauperis (*Court Doc. 1*), proposed

Complaint alleging issues regarding a 1998 juvenile conviction (*Court

Doc. 2*), and Motion for Leave to File Conventionally. (*Court Doc. 5*).

The Court may permit indigent litigants to proceed in forma

pauperis upon completion of a proper affidavit of indigency. *See* 28

U.S.C. § 1915(a). But the court has broad discretion in denying an

application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d

598 (9th Cir. 1963), cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d

72 (1963).  "A district court may deny leave to proceed in forma

pauperis at the outset if it appears from the face of the proposed

complaint that the action is frivolous or without merit."  *Tripati v. First*

*Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).  Elkins's

claims are barred by the applicable statute of limitations.  Therefore,

the motion to proceed in forma pauperis should be denied and the

Complaint dismissed.

### A.    Parties

Elkins was a prisoner incarcerated at the Yellowstone County Jail

when he filed this case.  He filed a Notice of Change of Address on

September 14, 2011, and it appears that he is no longer in custody.  He

is proceeding without counsel.

The named Defendants are the City of Glendive, Dawson County,

the Glendive Jail, Juvenile Probation Officer John Hodges, and

Attorney Jerry D. Cook.

### B.    Allegations

Elkins alleges he was arrested in 1997 as a juvenile on one count

of burglary. He contends he was talked into pleading guilty by his attorney on September 1, 1998, but when he was taken for his plea hearing, neither his parents nor his legal guardian were present. He was represented by counsel. He plead guilty and was sentenced as an adult to a six-year deferred sentence. Later that sentence was revoked and he was given a ten-year sentence.

He also contends he was held in the Glendive Jail which was an adult facility and he should have been placed in a juvenile holding facility.    **C. Statute of Limitations**

Elkins's claims are barred by the applicable statute of limitations. The applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions and tolling issues are also determined by state law. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In Montana, the applicable statute of limitations is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1).

Elkins alleges he was a minor at the time the incident occurred. Under Montana law, the statute of limitations is tolled while Elkins

was a minor.  *Mont. Code Ann.* § 27-2-401(1).  The Montana

Constitution provides that a person 18 years or older is an adult.  MT

Const. Art. II, §14.  According to his Complaint (*Court Doc. 2 at 1)*,

Elkins was born in 1981.  *See also https://app.mt.gov/cgi-bin/conweb/*

*conwebLookup.cgi?docid=44697* .  Therefore, Elkins reached the age of

majority in 1999 and had until 2002 to file any civil rights claims under

42 U.S.C. § 1983.  The Complaint here was signed on August 30, 2011,

nine years after the statute of limitations had run.  Accordingly,

Elkins's claims are barred by the statute of limitations.  This defect

could not be cured by amendment.  Accordingly, Elkins's Complaint

should be dismissed with prejudice.

> ### D.    "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from

bringing forma pauperis civil actions if the prisoner has brought three

or more actions in federal court that were dismissed for frivolousness,

maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  This

case should be designated as a "strike" under this provision because the

failure to file within the applicable statute of limitations constitutes a

failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 920-921, 166 L.Ed.2d 798 (2007).

Accordingly, the Court issues the following:

## ORDER

1. Rule 1.6(d) of the Court's Local Rules provides that non-attorneys may file conventionally without seeking leave of Court, therefore the Motion for Leave to File Conventionally (*Court Doc. 5*) is **MOOT**.

2. At all times during the pendency of this action, Elkins SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Elkins has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  The Motion to Proceed in Forma Pauperis should be **DENIED** and Elkins's Complaint **DISMISSED** for failure to file within the applicable statute of limitations.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Elkins's failure to file within the applicable statute of limitations.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Elkins may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of October, 2011.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge