IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JESSE JAMES ELKINS, | CV-11-100-BLG-RFC-CSO |
| Plaintiff, | |
| vs. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| CITY OF GLENDIVE, DAWSON COUNTY, GLENDIVE JAIL, JOHN HODGES, JERRY D. COOK, | |
| Defendants. | |

On October 24, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss Plaintiff's Complaint.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to the October 24, 2011 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir.

1

1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Elkins's claims are barred by the applicable statute of limitations. The applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions and tolling issues are also determined by state law. *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009). In Montana, the applicable statute of limitations is three years after the action accrues. Mont. Code. Ann. § 27-2-204(1).

Elkins alleges he was a minor at the time the incident occurred. Under Montana law, the statute of limitations is tolled while Elkins was a minor. Mont. Code Ann. § 27-2-401(1). The Montana Constitution provides that a person 18 years or older is an adult. MT Const. Art. II, §14. According to his Complaint (*Court Doc. 2 at 1*), Elkins was born in 1981. *See also https://app.mt.gov/cgi-bin/ conweb/conwebLookup.cgi?docid=44697*. Therefore, Elkins reached the age of majority in 1999 and had until 2002 to file any civil rights claims under 42 U.S.C. § 1983. The Complaint here was signed on August 30, 2011, nine years after the statute of limitations had run. Accordingly, Elkins's claims are barred by the statute of limitations. This defect could not be cured by amendment. Accordingly, Elkins's Complaint must be dismissed with prejudice.

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** the Motion to Proceed in Forma Pauperis is **DENIED** and Elkins's Complaint is **DISMISSED** for failure to file within the applicable statute of limitations. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court is also directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) based upon Elkins's failure to file within the applicable statute of limitations.

DATED this 21 day of December, 2011.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE